## 9017

VIRGINIA-CAROLINA CHEMICAL CO. v. LANEY.

(84 S. E. 424.)

SALES. TRANSFER OF TITLE. ACTION FOR PRICE. CHARGE.

1. SALES—TRANSFER OF TITLE—DELIVERY TO CARRIER.—Under a contract for the sale of fertilizer, providing that when it was loaded f. o. b. car consigned to a no-agent station and covered by bill of lading, it should be delivered to the buyer and release the seller from any responsibility on the shipment, a shipment f. o. b. to the buyer's no-agent station, and a mailing to him of the bill of lading, was a delivery to the buyer entitling the seller to an action for price.

2. SALES—ACTION FOR PRICE—INSTRUCTION.—In a seller's action for the price of goods sold to be delivered f. o. b., any difference between the carrier and the buyer was not involved, so that exclusion of evidence thereon was proper.

Before GARY, J., Chesterfield, October, 1913. Affirmed.

Action by the Virginia-Carolina Chemical Company against R. B. Laney. Judgment for plaintiff, and defendant appeals.

The fourth exception was as follows:

His Honor erred, it is respectfully submitted, in excluding from the evidence rule No. 35 of the Railroad Commission of South Carolina, said rule making it the duty of the carrier, upon the arrival of a shipment at its destination, to promptly notify consignee, by mail or otherwise, of said arrival, and in case of carload shipment to notify him of the number, letters, or initials of the car, because, we submit, under the proper construction of the contract in question, the railroad, being the agent of the consignor, the acts or omissions of the railroad company are the acts or omissions of the consignor, or shipper, and it was therefore com-

FOOTNOTE.—As to effect of contract to ship goods f. o. b., see note in 62 L. R. A. 795, and as to right of buyer under such contract to inspect goods on arrival at destination, see note in 16 A. & E. Ann Cas. 1201, and as to existence of such contract being a question for the jury, see decision in *Sanders* v. *Landreth Co., post,* in this volume.

petent to introduce this rule to show under the law just what
was the duty of the agent of the consignor.

*Messrs. Stevenson & Prince,* for appellant, submit:
*Where the consignor agrees to make delivery at a certain
point, delivery to the carrier is not delivery to the consignee,
but delivery must be made in accordance with the contract,*
and cite: 79 S. C. 155; 14 S. C. 116; Tiffany, Sales, sec.
100.

*Messrs. Whaley & Busby,* for respondent, cite: *As to
construction of contract:* 26 N. E. 384; 43 Ill. App. 360; 45
N. Y. 107; 36 So. 264.

March 1, 1915.
The opinion of the Court was delivered by MR. JUSTICE
WATTS.
This was an action by plaintiff against the defendant to
recover $475.50, being the price of 30 tons of acid phosphate
shipped by plaintiff to defendant under a written contract
entered into between them.    The cause came on for a hear-
ing before his Honor, Judge Frank B. Gary, and a jury, at
the October term of the Court for Chesterfield county, 1913,
and after all of evidence of both plaintiff and defendant was
in on plaintiff's motion, his Honor directed a verdict in
favor of the plaintiff for full amount sued for, and after
entry of judgment defendant appeals and by four exceptions
seeks reversal.    The contract between the parties contains
this provision:
The company agrees (a) to furnish to the customer on
or before May 1st, next, from such of its factories as it may
select for sale by the customer or other disposal as provided
in this agreement the following specifically named amounts
and kinds of fertilizers to be taken and accounted for by and
charged to the customer at the prices following, payable at
the dates stated below.    [Here follows a list of the various

brands and amounts of fertilizers, including the shipment in question in this suit.] . (b) To make delivery at these prices in not less than carload lots (less than carload lots are 50 cents per ton higher and extra freight if prepaid by the company) at Laney's, S. C., sacked and tagged as required by law and shipped for consignment and · delivery to customer or his duly authorized agent as he shall in due time, as hereinafter prescribed, notify and direct the company to ship the same. On shipments ordered to river landings direct by boat, or partly by rail and partly by boat, or to a flag station, or a no-agent station on a railroad, it is agreed that when the goods are loaded f. o. b. boat, or f. o. b. cars, as the case may be, at the point of original shipment and covered by a bill of lading taken therefor that it is delivery to the customer, and that the company is thereby released from any further responsibility on said shipment. The company has the right to ship goods by any route it may select.

The uncontradicted evidence shows that the plaintiff made delivery of the 30 tons of fertilizer to the Atlantic Coast Line Railway at Charleston, S. C., on March 11, 1911, billing the same to Laney's, S. C., a no-agent station, prepaying the freight charges thereon to said station and mailing bill of lading to the defendant at Laney's, S. C. The fertilizer left Charleston in Atlantic Coast Line car No. 22262, which being in bad order, the railroad transferred the contents to Chicago, Rock Island and P. car No. 52840, at Bennetts, S. C., eight miles from Charleston. On March 25, 1911, this car was left at siding at Laney's and later removed by railroad. Defendant refused to pay for fertilizer, contending that he never received the same, whereupon suit was instituted.

Exceptions 1, 2 and 3 raise and treat the same question that the Court erred in directing a verdict for the plaintiff on the ground that the contract of the parties made the carrier the agent of the consignee, and that, delivery having

been made to the carrier by the consignor, the consignee was liable. There is but one point in the case. The contract is plain, unambiguous, and free from doubt. The agreement was that, where goods were consigned to a no-agent station and freight prepaid, that delivery to the railroad was delivery to the customer. It is proven beyond doubt that Laney's is a no-agent station. He ordered the fertilizer shipped. The plaintiff filled his order and delivered the fertilizer to the railroad, prepaid the freight, consigned it to him at Laney's, and mailed him the bill of lading. This was a strict compliance with the contract of the parties, and his Honor was correct in his interpretation of it and ruling as he did. To hold otherwise would be for the Court to do away with the contract made by the parties themselves and substitute a new contract made by the Court for them. These exceptions are overruled.

The fourth exception is overruled as inapplicable in this suit. The defendant is not suing the railroad, and if there is any difference between them arising out of this transaction, there is nothing before this Court as to it.

Judgment affirmed.